UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | |
| NABIL K. ESFAHANI, | ) | Case No: 09-10598-PMG |
| | | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| NAHID VENUS, as Trustee of the Living Trust of Nahid Venus, NAHID VENUS and SIMAC MASHOD, as Co-Trustees of the Living Trust of Bahman Venus, and SAND DOLLAR PLAZA. LLC, a Florida limited liability company, | ) ) ) ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proc. No.: _____ |
| v. | ) | |
| NABIL K. ESFAHANI, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT TO DETERMINE
<u>NON-DISCHARGEABILITY OF DEBT</u>**

Plaintiffs, Nahid Venus, as Trustee of the Living Trust of Nahid Venus, Nahid Venus and Simac Mashod, as Co-Trustees of the Living Trust of Bahman Venus, and Sand Dollar Plaza. LLC, a Florida limited liability company (collectively, "Venus"), sues defendant, Nabil K. Esfahani, and allege:

<u>General Allegations</u>

1. This is an adversary proceeding to determine the nondischargeability of a debt pursuant to 11 U.S.C. § 523(a).

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157 (1984).

3. The Living Trust of Nahid Venus under agreement dated January 25, 1989, as amended from time to time (the "Nahid Venus Trust"), appoints Nahid Venus as sole Trustee of the Nahid Venus Trust upon the death of Dr. Bahman Venus.

4. The Living Trust of Bahman Venus under agreement dated January 25, 1989, as amended from time to time (the "Bahman Venus Trust"), appoints Nahid Venus and Simac Mashod as Co-Trustees of the Bahman Venus Trust upon the death of Dr. Venus.

5. Dr. Venus passed away in June 2009.

6. Nahid Venus is Dr. Venus' widow. Simac Mashod is Nahid Venus' brother. Nahid Venus and Simac Mashod are residents of Duval County, Florida.

7. Sand Dollar Plaza, LLC (the "LLC") is a Florida limited liability company with its principal place of business in Duval County, Florida.

8. The Living Trust of Nabil K. Esfahani under agreement dated August 18, 2005 (the "Esfahani Trust"), as amended from time to time, appoints Nabil K. Esfahani as sole Trustee of the Esfahani Trust.

9. Esfahani is a resident of St. Johns County, Florida.

10. Sand Dollar Plaza, LLC, a Florida limited liability company (the "LLC"), was formed on March 26, 2007.  Pursuant to the LLC Company Agreement, the founding members were:

    a. Trustee Esfahani,

    b. Dr. Bahman Venus ("Trustee Bahman Venus"), as Trustee of the Bahman Venus Trust, and

    c. Nahid Venus ("Trustee Nahid Venus"), as Trustee of the of the Nahid Venus Trust.

11. The founding members formed the LLC to purchase real property (a shopping center called Sand Dollar Plaza) in Duval County.

12. To buy the shopping center, the LLC delivered a $1,350,000 promissory note to Wachovia Bank and a $2 million promissory note to the sellers. Trustee Esfahani, Trustee Bahman Venus and Trustee Nahid Venus guaranteed the note to Wachovia.

13. Initially, the membership interests of the LLC were held as follows:

| Member | Percent of membership interests |
| --- | --- |
| Esfahani Trust | 50 percent |
| Bahman Venus Trust | 25 percent |
| Nahid Venus Trust | 25 percent |

14. The LLC's sole purpose is owning and operating the shopping center.

15. Trustee Esfahani operated the LLC. From the LLC's inception, however, the LLC's operations produced a negative cash flow, after making payments to Wachovia and the sellers.

16. Trustee Esfahani collected the rent for the LLC until October 28, 2009.

17. Even though Trustee Esfahani's operation of the LLC produced a negative cash flow, Esfahani (i) maintained his offices in spaces in the shopping center without paying any rent (Trustee Esfahani recently abandoned the spaces) and (ii) has been dilatory in renting space in the shopping center, including his office spaces.

18. Moreover, Trustee Esfahani misrepresented the LLC's operating expenses to the other members of the LLC, by including expenses for Esfahani's office (for which Esfahani paid no rent to the LLC), including cable television and electricity.

19. Trustee Esfahani did not pay any of the rent he collected for June through October 2009 toward the LLC mortgage payments, and instead converted all of these rental payments for his own use. Additionally, Esfahani collected all the monthly rent from one tenant through December 31, 2009 and did not apply any of those payments to pay toward the LLC's mortgages.

20. Trustee Bahman Venus paid all of the capital shortfalls of the LLC. Trustee Bahman Venus and Trustee Esfahani orally agreed that Trustee Bahman Venus advanced half of the capital shortfalls on behalf of Trustee Esfahani.

21. In February 2009, Trustee Bahman Venus paid the LLC $42,000 to pay the LLC's real property taxes of $42,194.36. Trustee Esfahani, however, withdrew the $42,000 from the LLC's bank account for his own use. By the time plaintiffs realized that Trustee Esfahani had not used the $42,000 to pay the taxes, the tax bill has risen substantially because of penalties and interest.

22. As of November 2009, the LLC's shortfalls amounted to approximately $498,000, with Trustee Esfahani's portion amounting to $249,000.

23. Because of Trustee Esfahani's wrongdoing, Trustee Nahid Venus (the only other member of the LLC) noticed a meeting of the members for October 28, 2009 to consider expelling Trustee Esfahani as a member of the LLC. The LLC's Company Agreement provides that only Mrs. Venus could vote on this issue. At the October 28 meeting, Mrs. Venus voted to expel Trustee Esfahani as a member of the LLC and, pursuant to the LLC's Company Agreement, to forfeit Trustee Esfahani's membership interest in the LLC. Mrs. Venus is now the sole member of the LLC.

**Count One**

1. This is an adversary proceeding to determine the nondischargeability of debt pursuant to 11 U.S.C. § 523(a)(4).

2. Venus incorporates the allegations in paragraphs 1 through 23 above.

3. Esfahani committed defalcation while acting in his fiduciary capacity to the LLC by taking the LLC's money for his own use.

WHEREFORE, the LLC requests that this Court enter a final order determining the damages incurred by LLC and determining that such damages are nondischargeable, and for such other relief as the Court may deem just and proper.

### Count Two

1.	This is an adversary proceeding to determine the nondischargeability of debt pursuant to 11 U.S.C. § 523(a)(4).

2.	Venus incorporates the allegations in paragraphs 1 through 23 above.

3.	Esfahani committed embezzlement and/or larceny by taking LLC's money for his own use.

WHEREFORE, Venus requests that the Court enter a final judgment determining the damages incurred by LLC and determining that such damages are nondischargeable under 11 U.S.C. § 523(a)(4).

### Count Three

1.	This is an adversary proceeding to determine the nondischargeability of debt pursuant to 11 U.S.C. § 523(a)(6).

2.	Venus incorporates the allegations in paragraphs 1 through 23 above.

3.	Esfahani committed willful and malicious injury to the LLC by converting monies from the LLC for his own use.

WHEREFORE, Venus requests that the Court enter a final judgment determining the damages incurred by LLC and determining any such damages are nondischargable under 11 U.S.C. § 523(a)(6).

SMITH HULSEY & BUSEY

By  *s/ Cynthia C. Jackson*
    Cynthia C. Jackson
    James A. Bolling

Florida Bar Number 498882
1800 First Union Bank Tower
225 Water Street
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Counsel for Venus